1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK DOWNEY,

          Plaintiff,

   v.

JUDGE, et al.,

          Defendants.

CASE NO. 2:25-cv-01106-BJR-DWC

ORDER DECLINING SERVICE OF CIVIL RIGHTS COMPLAINT

Plaintiff Mark Christopher Downey, proceeding *pro se* and *in forma pauperis*, initiated this prisoner civil rights action under 42 U.S.C. § 1983. Dkt. 6; Dkt. 7. Having reviewed and screened Plaintiff's complaint in accordance with 28 U.S.C. § 1915A, the Court declines to serve the complaint and, instead, provides Plaintiff leave to file an amended pleading by August 28, 2025, to cure the deficiencies identified herein.

## I. BACKGROUND

Plaintiff initiated this action on June 12, 2025, challenging various circumstances related to his confinement at Snohomish County Jail ("SCJ"). Dkt. 7. Plaintiff organizes his claims into three counts, and each is asserted against a different defendant. *Id.* In Count I, Plaintiff alleges

the judicial officer presiding over his ongoing state-court prosecution violated his civil rights and placed his life in danger when he announced Plaintiff's criminal charges in open court. *Id.* at 4–5. In Count II asserted against Defendant "Medical," Plaintiff alleges he was denied proper medical care after suffering a stroke and falling in his cell at SCJ. *Id.* at 3, 6–7. Finally, in Count III asserted against Defendant SCJ, Plaintiff alleges was prohibited from engaging in a religious fast. *Id.* at 3, 7–8. In all Counts, Plaintiff states he is suing "for the max," and, in Count II, Plaintiff requests immediate release from confinement. *Id.* at 9.

## II. SCREENING STANDARD

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: [ ] is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). Dismissal on these grounds counts as a "strike" under 28 U.S.C. § 1915(g).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(e).

## III. DISCUSSION

Upon review, the Court finds several deficiencies in the complaint. Specifically, Plaintiff (A) raises unrelated claims against different defendants in a single action, (B) names improper and (C) immune defendants, and (D) seeks relief not available under 42 U.S.C. § 1983. Each

deficiency is outlined below and, where appropriate, the Court provides instructions on how the defect may be cured if Plaintiff intends to proceed in this action.

**A.     Unrelated Claims against Different Defendants**

First, the complaint asserts unrelated claims against different defendants that must be pursued in separate lawsuits. Under Rule 20, plaintiffs may join claims against different defendants in a single action only if (1) the claims arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers,* 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America,* 623 F.2d 1371, 1375 (9th Cir. 1980). Adherence to Rule 20 is of particular importance in prisoner civil rights actions:

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim and multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to [three] the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)) (cleaned up). Therefore, a plaintiff seeking to pursue separate conditions of confinement claims against different defendants must either (1) do so in separate actions or (2) plead sufficient facts showing the claims (a) arise out of the same occurrence or series of occurrences and (b) involve a common question of law or fact. *See George*, 507 F.3d at 607; *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same occurrence requirements are satisfied).

Here, Plaintiff's factual allegations cover a wide range of unrelated events and circumstances relating to his current pretrial confinement, such as danger allegedly resulting

ORDER DECLINING SERVICE OF CIVIL
RIGHTS COMPLAINT - 3

from judicial action taken during his ongoing state-court prosecution (Count I), the alleged failure to provide adequate medical care (Count II), and alleged restrictions on his ability to engage in religious fasts (Count III). Dkt. 7 at 2–8. Plaintiff's claims are asserted against different defendants, lack common questions of law or fact, and concern unrelated transactions and occurrences. *Id.* Thus, Plaintiff's complaint does not comply with Rule 20 of the Federal Rules of Civil Procedure. If Plaintiff intends to proceed in this action, he must limit the claims asserted in his amended pleadings to those involving common defendants or those arising out of the same event or series of events and raising common questions of law or fact.

**B.   Improper Defendants**

Next, Plaintiff names "Medical" and SCJ as defendants, but neither is a proper defendant in this action. Dkt. 7 at 3. To proceed under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a "person" acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Section 1983 claims may be brought against a "person" in their official or individual capacities. Whether brought against an official or individual defendant, the first step in pleading a § 1983 claim is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). At step two, however, the requirements differ based on the type of defendant sued.

For claims against individuals, the second step of pleading a § 1983 claim is to allege facts showing how an individual defendant caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Claims against individuals serving in supervisory roles may not be brought on the theory a supervisor is vicariously liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S.

ORDER DECLINING SERVICE OF CIVIL
RIGHTS COMPLAINT - 4

312, 325 (1981); *Monell*, 436 U.S. at 691. Rather, a plaintiff must show the supervisor (1) personally participated in or directed the alleged harm or (2) knew of a risk of harm to the plaintiff and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999). Sweeping conclusory allegations against are insufficient to state a claim for relief. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

To state a claim against an official capacity defendant—such as a county or county official—a plaintiff must allege facts showing the harm alleged in the complaint was caused by an official custom, pattern, or policy permitting deliberate indifference to, or violations of, the plaintiff's civil rights. *Monell v. Department of Soc. Servs. of City of New York*, 436 U.S. 658, 691–91 (1978). Importantly, a county "cannot be held liable solely because it employs a tortfeasor—or, in other words, [it] cannot be held liable under § 1983 on a respondeat superior theory." *Id.* at 691. A plaintiff must allege facts sufficient to show the existence of a county policy or custom that was the moving force behind the alleged constitutional deprivation. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). A single incident of unconstitutional action is generally insufficient to demonstrate the existence of an official county policy or custom. *See Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1154 (9th Cir. 2021). Finally, for suits involving county entities, the county itself is the only legal entity capable of suing and being sued. *See Nolan v. Snohomish County*, 59 Wn. App. 876, 883, 802 P.2d 792 (1990)). Stated differently, only the primary municipality, county, or local government unit (in this case, Snohomish County) may be sued in a § 1983 action.

With respect to Defendant "Medical," Plaintiff does not clearly state whether he is suing an individual medical provider or the medical department at SCJ. Dkt. 7 at 3, 6–7. Under either construction, Count II is deficient. If Plaintiff is suing an individual medical provider, he does

ORDER DECLINING SERVICE OF CIVIL
RIGHTS COMPLAINT - 5

not allege sufficient facts demonstrating their personal participation in causing him constitutional harm. If, on the other hand, Plaintiff is asserting an official capacity claim against SCJ's medical department, then the proper defendant for his claim is Snohomish County itself and Plaintiff must allege facts showing the existence of an official policy, practice, or custom that was the moving force behind any constitutional violation he allegedly suffered.

Plaintiff's official capacity claim against Defendant SCJ in Count III is deficient for the same reasons. Dkt. 7 at 3, 7–8. That is, the proper defendant for any claim involving a Snohomish County entity (such as SCJ or departments within the jail) is the County itself, and Plaintiff has not alleged facts sufficient to demonstrate county liability for the injuries alleged in Count III.

In any amended pleadings, Plaintiff should only name an individual as a defendant if he can put forth sufficient facts demonstrating their personal participation in causing his alleged constitutional injuries. Sweeping allegations against all defendants will not suffice. Instead, Plaintiff must identify the way in which the actions or inactions of each defendant caused him a specific constitutional injury. If Plaintiff intends to pursue official capacity § 1983 claims against a county defendant, he must name the proper defendant and allege facts sufficient to show an official county policy or custom was the moving force behind any constitutional harm alleged.

**C.     Judicial Immunity**

Next, Plaintiff names "Judge" as a defendant and, in Count I, he seeks damages from the judicial officer presiding over his ongoing state court proceedings for danger allegedly caused by judicial action taken in those proceedings. Dkt. 7 at 2–5, 9. However, the judicial officer Plaintiff seeks to sue is shielded from monetary liability under the absolute immunity doctrine. *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991). Explained further, "[j]udges are absolutely immune from

damages actions for judicial acts taken within the jurisdiction of their courts…. A judge loses absolute immunity only when he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (citations omitted). Judges retain absolute immunity from damages suits even when accused of acting maliciously or corruptly, *see Mireles*, 502 U.S. at 11, or when accused of acting in error, *see Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). Because Plaintiff seeks damages against a judge for judicial acts, his claim in Count I against Defendant "Judge" is barred by the absolute immunity doctrine.

**D.     Section 1983 vs. Habeas**

Finally, in Count II, Plaintiff requests "all charges be dismissed with prejudice and never to be brought back with no more probation [sic]." Dkt. 7 at 9. To the extent Plaintiff is challenging the validity of his current confinement and seeking immediate release, he may not do so in this § 1983 action. Rather, the sole mechanism for bringing such claims is through filing a federal habeas petition pursuant to 28 U.S.C. § 2241(pre-conviction habeas petitions) or § 2254 (post-conviction habeas petitions).

An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotations and citations omitted). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (internal quotations and citations omitted).

ORDER DECLINING SERVICE OF CIVIL
RIGHTS COMPLAINT - 7

Applying these principles here, Plaintiff's request to be released from confinement relates to the validity and constitutionality of his current confinement, not the conditions of that confinement. As such, his request for release is not cognizable in a § 1983 action and should not be included in any amended pleadings.

### IV.  INSTRUCTIONS TO PLAINTIFF

If Plaintiff intends to proceed in this action, he must file an amended complaint. The amended complaint must contain a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.

In the amended complaint, Plaintiff should allege only constitutional violations arising from a single transaction or occurrence or singular series of transactions and occurrences. Plaintiff shall file additional lawsuits, if he so chooses, alleging constitutional violations by

different defendants arising from separate transactions or occurrences. For example, if Plaintiff chooses to purse claims of deliberate indifference to medical needs against one defendant, he should allege such claims in one complaint. If Plaintiff also chooses to pursue claims concerning other conditions of confinement against different defendants, such claims must be pursued in different lawsuits.

Furthermore, Plaintiff must not include any request for release from confinement in his amended pleadings. This form of relief is not available under 42 U.S.C. § 1983 and will prevent him from filing a serviceable civil rights complaint.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before August 28, 2025, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and *Pro Se* Instruction Sheet to Plaintiff.

Dated this 24th day of July, 2025.

David W. Christel
United States Magistrate Judge

ORDER DECLINING SERVICE OF CIVIL
RIGHTS COMPLAINT - 9