UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK DOWNEY,

                        Plaintiff,

       v.

JUDGE, et al.,

                      Defendants.

CASE NO. 2:25-cv-01106-BJR-DWC

ORDER DECLINING SERVICE OF
AMENDED COMPLAINT AND TO
SHOW CAUSE

      Plaintiff Mark Christopher Downey, proceeding *pro se* and *in forma pauperis*, initiated this prisoner civil rights action under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's amended complaint in accordance with 28 U.S.C. § 1915A, the Court declines to direct service and, instead, Plaintiff is ordered to show cause not later than October 13, 2025, why this action should not be dismissed for failure to state a claim and for failure to cure deficiencies previously identified by the Court.

## I.    BACKGROUND

      Plaintiff initiated this action on June 12, 2025, challenging various circumstances related to his confinement at Snohomish County Jail ("SCJ"). Dkt. 7. In his initial complaint, Plaintiff

1   organized his claims into three counts and asserted each against a different defendant. *Id.* In

2   Count I, Plaintiff alleged the judicial officer presiding over his ongoing state-court prosecution

3   violated his civil rights and placed his life in danger when he announced Plaintiff's criminal

4   charges in open court. *Id.* at 4–5. In Count II asserted against Defendant "Medical," Plaintiff

5   alleged he was denied proper medical care after suffering a stroke and falling in his cell at SCJ.

6   *Id.* at 3, 6–7. Finally, in Count III asserted against Defendant SCJ, Plaintiff alleged was

7   prohibited from engaging in a religious fast. *Id.* at 3, 7–8. In all Counts, Plaintiff stated he was

8   suing "for the max," and, in Count II, Plaintiff requested immediate release from confinement.

9   *Id.* at 9.

10      On July 24, 2025, the Court screened the initial complaint and found several deficiencies.

11  In particular, the initial complaint (A) raised unrelated claims against different defendants in a

12  single action, (B) named improper and (C) immune defendants, and (D) sought relief not

13  available under 42 U.S.C. § 1983. Dkt. 8. The Court outlined each deficiency and, where

14  appropriate, provided instructions on how the defect may be cured in an amended pleading if

15  Plaintiff intended to proceed in this action. *Id.* Finally, Plaintiff was advised that failure to

16  adequately address the identified issues would result in a recommendation this action be

17  dismissed. *Id.* at 8.

18      Plaintiff timely filed an amended complaint. Dkt. 9. Plaintiff names the medical

19  department at SCJ and C/O Hunter as defendants and asserts claims concerning medical care and

20  religious fasts at SCJ. *Id.* at 1, 3. Specifically, in Count I of the amended complaint, Plaintiff

21  alleges he experienced pain after having a catheter inserted even though he asked medical

22  providers to stop the procedure. *Id.* at 4–5. In Count II of the amended complaint, Plaintiff

23

24

ORDER DECLINING SERVICE OF AMENDED
COMPLAINT AND TO SHOW CAUSE - 2

alleges that Defendant Hunter directed him to stop engaging in a religious fast after three days. Dkt. 9 at 6. Plaintiff seeks monetary damages on both Counts. *Id.* at 9.

## II.   SCREENING STANDARD

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: [ ] is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). Dismissal on these grounds counts as a "strike" under 28 U.S.C. § 1915(g).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, the pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

After screening a *pro se* complaint, the Court must generally grant leave to file an amended complaint if there is a possibility the pleading's deficiencies may be cured through amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)). However, once a *pro se* plaintiff has been given leave to amend and instructed on how to cure the pleading deficiencies, the Court may properly dismiss an action based on deficiencies

that remain. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because *pro se* prisoner plaintiff "did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so") (citing *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment) and *Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.")).

## III.   DISCUSSION

Upon review, the Court finds several deficiencies remain in the amended complaint. In particular, Plaintiff again raises unrelated claims against different defendants in the same action and has named an improper county defendant. Additionally, Plaintiff fails to plausibly allege the essential elements of a fourteenth amendment medical care claim (Count I) and a first amendment religious exercise claim (Count II).

**A.    Unrelated Claims Against Different Defendants**

First, the amended complaint improperly asserts unrelated claims against different defendants. The Court previously instructed Plaintiff that he may not pursue unrelated claims against different defendants in the same action, stating the following:

Under Rule 20, plaintiffs may join claims against different defendants in a single action only if (1) the claims arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1375 (9th Cir. 1980). Adherence to Rule 20 is of particular importance in prisoner civil rights actions:

ORDER DECLINING SERVICE OF AMENDED
COMPLAINT AND TO SHOW CAUSE - 4

[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim and multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to [three] the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)) (cleaned up). Therefore, a plaintiff seeking to pursue separate conditions of confinement claims against different defendants must either (1) do so in separate actions or (2) plead sufficient facts showing the claims (a) arise out of the same occurrence or series of occurrences and (b) involve a common question of law or fact. *See George*, 507 F.3d at 607; *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same occurrence requirements are satisfied).

      Here, Plaintiff's factual allegations cover a wide range of unrelated events and circumstances relating to his current pretrial confinement, such as danger allegedly resulting from judicial action taken during his ongoing state-court prosecution (Count I), the alleged failure to provide adequate medical care (Count II), and alleged restrictions on his ability to engage in religious fasts (Count III). Dkt. 7 at 2–8. Plaintiff's claims are asserted against different defendants, lack common questions of law or fact, and concern unrelated transactions and occurrences. *Id.* Thus, Plaintiff's complaint does not comply with Rule 20 of the Federal Rules of Civil Procedure. If Plaintiff intends to proceed in this action, he must limit the claims asserted in his amended pleadings to those involving common defendants or those arising out of the same event or series of events and raising common questions of law or fact.

Dkt. 8 at 3–4.

      Plaintiff did not cure this deficiency in his amended complaint. Rather, Plaintiff asserts a claim concerning medical care against the medical department at SCJ (Count I) alongside a claim about religious fasting against an SCJ correctional officer (Count II). As with his initial complaint, the claims asserted against different defendant in Plaintiff's amended complaint lack common questions of law and fact and concern unrelated transactions and occurrences. As a result, the amended complaint remains deficient for failure to comply with Rule 20 of the Federal Rules of Civil Procedure.

**B.    Improper Defendant**

Next, Plaintiff fails to name a proper county defendant for his claim concerning medical care at SCJ. Plaintiff states he is suing "Snohomish County Medical Itself" in his amended complaint. Dkt. 9 at 1. But as the Court instructed Plaintiff in its Order declining service of the initial complaint:

> [F]or suits involving county entities, the county itself is the only legal entity capable of suing and being sued. *See Nolan v. Snohomish County*, 59 Wn. App. 876, 883, 802 P.2d 792 (1990)). Stated differently, only the primary municipality, county, or local government unit (in this case, Snohomish County) may be sued in a § 1983 action.
>
> With respect to Defendant "Medical," Plaintiff does not clearly state whether he is suing an individual medical provider or the medical department at SCJ. Dkt. 7 at 3, 6–7. Under either construction, [his medical care claim] is deficient. If Plaintiff is suing an individual medical provider, he does not allege sufficient facts demonstrating their personal participation in causing him constitutional harm. If, on the other hand, Plaintiff is asserting an official capacity claim against SCJ's medical department, then the proper defendant for his claim is Snohomish County itself and Plaintiff must allege facts showing the existence of an official policy, practice, or custom that was the moving force behind any constitutional violation he allegedly suffered.

Dkt. 8 at 5–6.

These same deficiencies remain in the medical care claim asserted in Count I of the amended complaint. Dkt. 9 at 5–6. Plaintiff does not name an individual medical provider as a defendant in this suit, nor does his name Snohomish County. *Id.* at 1, 3. Instead, Plaintiff has again asserted his medical care claim against the medical department at SCJ, which is not a proper county defendant. Additionally, even if Plaintiff had named Snohomish County as a defendant, he does not allege facts demonstrating any of the harm he allegedly suffered resulted from an official county policy, practice, or custom. *See Monell v. Department of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978). Therefore, the amended complaint remains deficient for failure to name a proper county defendant and failure to demonstrate county liability.

ORDER DECLINING SERVICE OF AMENDED
COMPLAINT AND TO SHOW CAUSE - 6

**C.**  **Failure to State a Fourteenth Amendment Medical Care Claim**

Even if Plaintiff had named a proper defendant in Count I, he does not plausibly allege a violation of his right to adequate medical care. Dkt. 9 at 4–5. A pretrial detainee's right to adequate medical care arises under the due process clause of the Fourteenth Amendment. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1120 (9th Cir. 2018). The elements of such a claim are: (1) "the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined"; (2) "those conditions put the plaintiff at substantial risk of suffering serious harm"; (3) "the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious"; and (4) "by not taking such measures, the defendant caused the plaintiff's injuries." *Id.* at 1125.

With respect to the third element, "the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." *Id.* (cleaned up). Merely showing a difference of opinion between a prisoner and prison medical staff or between medical professionals regarding the proper course of treatment does not satisfy this standard. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).

Here, Plaintiff alleges he experienced pain from having a catheter inserted and that he did not want the procedure. Dkt. 9 at 4–5. Plaintiff does not, however, allege facts demonstrating that insertion of the catheter was an unnecessary medical procedure, that continuing the procedure posed a serious risk to his health, or that any defendant failed to take reasonably available measures to abate the discomfort he experienced from procedure. As a result, Plaintiff has failed to plead sufficient facts demonstrating a violation of his fourteenth amendment rights in Count I of the amended complaint.

1

**D.    Failure to State a First Amendment Claim**

2

In Count II of the amended complaint, Plaintiff alleges he was prohibited from engaging

3

in a religious fast for longer than three days while detained at SCJ. Dkt. 9 at 6. The right to

4

practice one's religion without interference from states or state officials arises under the Free

5

Exercise Clause of the First Amendment. *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir.

6

2015). The first amendment right to free exercise, however, is necessarily limited by the fact of

7

incarceration, and "may be curtailed in order to achieve legitimate correctional goals or to

8

maintain prison security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (citing *O'Lone

9

v. Shabazz*, 482 U.S. 342, 347–48 (1987)); *see also Bell v. Wolfish*, 441 U.S. 520, 527 (1979)

10

("A detainee simply does not possess the full range of freedoms of an unincarcerated

11

individual.").

12

To state a free exercise claim, a plaintiff must allege facts demonstrating a state or state

13

official placed a substantial burden on their ability to practice their religion. *Shakur v. Schriro*,

14

514 F.3d 878, 883–84 (9th Cir. 2008). A plaintiff must show the practice at issue was "sincerely

15

held" and "rooted in religious belief." *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994). To

16

constitute a substantial burden, the challenged action must "place more than an inconvenience on

17

religious exercise; it must have a tendency to coerce individuals into acting contrary to their

18

religious beliefs or exert substantial pressure on an adherent to modify his behavior and to

19

violate his beliefs." *Ohno v. Yasuma,* 723 F.3d 984, 1011 (9th Cir. 2013). Even where a prisoner

20

has suffered a substantial burden on their sincerely held religious beliefs, the challenged action

21

will be found unlawful only if it is not reasonably related to a legitimate penological interest.

22

*Turner v. Safley*, 482 U.S. 78, 89 (1987).

23

24

ORDER DECLINING SERVICE OF AMENDED
COMPLAINT AND TO SHOW CAUSE - 8

Here, Plaintiff alleges he was prevented from fasting for more than three days, but he does not allege facts demonstrating what religion he follows and whether that religion required him to engage in fasting. Therefore, Plaintiff fails to plausibly allege that his desire to fast was tied to his sincerely held religious beliefs. Plaintiff also fails to allege facts sufficient to show he suffered a substantial burden. Plaintiff's allegation that he was denied the ability to fast for more than three days on a single occasion does not amount to a substantial burden. *See Howard v. Skolnik*, 372 Fed. App'x 781, 782 (9th Cir. 2010) (prison staff's alleged interference with plaintiff's religious fasting on two occasions did not amount to a "substantial burden"). Further, Plaintiff does not allege facts demonstrating he was prevented from engaging in a lengthy fast without a legitimate penological justification, such as ensuring the health and safety of inmates. *See generally* <u>O'Lone</u>, 482 U.S. 342, 349 (1987) (prison staff must be afforded ability to "anticipate security problems and to adopt innovative solutions to the intractable problems of prison administration" without undue interference from the judiciary) (citations omitted). Therefore, Plaintiff does not allege sufficient facts demonstrating a violation of his first amendment rights in Count II of the amended complaint.

In sum, the amended complaint is deficient and will not be served because Plaintiff (A) asserts unrelated claims against different defendants, (B) names an improper county defendant and fails to establish county liability, (C) fails to plausibly allege a constitutional violation arising out of medical care provided at SCJ, and (D) fails to plausibly allege a constitutional violation arising out of limitations placed on his ability to fast at SCJ.

## IV.   INSTRUCTIONS TO PLAITNIFF

For the above stated reasons, the Court declines to direct service of the amended complaint. If Plaintiff intends to proceed in this action, he must show cause not later than

October 13, 2025, why this action should not be dismissed for failure to cure deficiencies

previously identified by the Court and for failure to state a claim.[1] Failure to respond to this

Order by the stated deadline or adequately address the issues identified herein will result in a

recommendation this action be dismissed.

Finally, the Clerk of Court is directed to provide Plaintiff a copy of the Order declining

service of his initial complaint issued on July 24, 2025 (Dkt. 8) along with a copy of this Order.

Dated this 11th day of September, 2025.

David W. Christel
United States Magistrate Judge

---

[1] Dismissal on these grounds counts as a "strike" under 28 U.S.C. § 1915(g).

ORDER DECLINING SERVICE OF AMENDED
COMPLAINT AND TO SHOW CAUSE - 10